[No. 16374. Department Two. July 29, 1921.]

WORTHY CREEK SHINGLE COMPANY, *Appellant*, v.
CHARLES A. ANDERSON *et al.*,
*Respondents.*[1]

ESTOPPEL (46, 54)—PUBLIC WAY—ACQUIESCENCE IN USE—EVI-
DENCE—SUFFICIENCY. In an action to prevent defendants' interfer-
ence with plaintiff's use of a roadway over the land of defendants on
the ground they were estopped by conduct to deny the use of the
road to plaintiff, held that the evidence was insufficient to support
plaintiff's cause of action.

TRESPASS (15, 16)—DAMAGES TO REAL PROPERTY—EVIDENCE—SUF-
FICIENCY. A judgment for damages for trespass was unwarranted,
where it appeared that defendant, in making use of a private road-
way over plaintiff's land for which it paid a rental, was compelled
to make a slight detour because the roadway had been partially de-
stroyed in blasting stumps and rocks.

Appeal from a judgment of the superior court for
Snohomish county, Brawley, J., entered July 30, 1920,
in favor of the defendant, in an action for equitable
relief, tried to the court. Modified.

*Thos. A. Stiger* and *Wm. Sheller*, for appellant.

MITCHELL, J.—This action was brought to prevent
the respondent from interfering with appellant's use
of a roadway on the east side of Worthy Creek across
respondent's lands, upon the ground that the roadway
is public by adverse user; and further, that in the
event it is not such a public way, that the respondent is
estopped by his conduct to deny the use of the road to
the appellant. The respondent denied that the road
was public by prescription or otherwise, denied the
allegations charging him with estoppel, and filed a
cross-complaint claiming damages by reason of tres-
pass on the part of the appellant. The court, without

[1]Reported in 199 Pac. 756.

making findings, entered judgment denying the appellant any relief and allowed respondent damages in the sum of $100, from which the appeal has been taken.

Upon the subject of the character of the road, while there is a conflict in the evidence, we are satisfied it preponderates in favor of the conclusion reached by the trial court.

As to the charge of estoppel against the respondent, it appears that the premises occupied by the appellant, upon which it established a shingle mill in the early part of the year 1920, is separated from a public road by the premises of the respondent, across which runs the roadway in question that was used as an outlet by the appellant until prevented by the respondent about May 1, 1920. In establishing the mill, and thereafter until prevented, the appellant used the private road of the respondent as a means of going and coming. There is a sharp conflict in the evidence as to the representations made by the respondent concerning the right of the appellant to use the roadway upon which it claims it depended in locating its mill. There can be no question, however, that a number of years ago partial steps were taken to establish a public road through respondent's lands on the west side of the creek, and that such way had been opened sufficiently to permit public travel thereon for several years, but thereafter, and for the last eight or ten years, that way had fallen into disuse and was unfit for travel.

The appellant corporation was organized about January, 1920, the officers and stockholders of which are the same persons who in October or November, 1919, purchased by contract, with the right of removal, the timber upon the land whereon the mill was later placed. About the time of the purchase of the timber, they interviewed the respondent with reference to a way of

ingress and egress, and at the trial testified that he gave them to understand the roadway east of the creek was a public way and could be used by them, and that had they not been so informed they would not have purchased the timber nor established the mill. On the contrary, the respondent's proof shows that, while he orally consented to the temporary use of his private way, the public way he mentioned to them was on the other or west side of the creek. This conflict in the evidence is positive. Appellant, to some extent, is corroborated, but such corroborating evidence and circumstances are not inconsistent with respondent's version that appellant or its predecessors in interest were to have only the temporary use of the private roadway. The burden of proof was upon the appellant, and we are satisfied, as was the trial court, that it was not met, in view of circumstances and other proof corroborating the respondent, among which are the following: About the time of the purchase of the timber those who are now officers and stockholders of the appellant corporation, together with the respondent, on more than one occasion interviewed the board of county commissioners to have the old road reopened; and it appears also that later the appellant sought the assistance of the owner of the land upon which the mill was located to get the commissioners to open up the way; and still further, some time about April 1, 1920, while appellant was still using the private road, the respondent asked and received of the appellant, by its manager (a stockholder and director), $20 for the use of the private road until May 1, 1920. We conclude there was no estoppel against the respondent.

As to respondent's damages, we do not agree with the trial court. Such alleged damages, as defined by the evidence, consisted of so-called trespass upon

the meadow land in making a slight change from the road used by the appellant. It occurred a few days prior to the expiration of the period for which appellant had paid for the use of the road. But the record shows that the slight detour was made necessary because the respondent had destroyed the roadway at places by blasting stumps and rocks. In making and using the detour it appears that as little damage was caused as possible.

The cause is remanded with directions to the trial court to modify the judgment by eliminating therefrom damages awarded to the respondent. Appellant will recover its costs on the appeal.

PARKER, C. J., MAIN, HOLCOMB, and TOLMAN, JJ., concur.